THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTINE M. DAINE,<br><br>             Plaintiff,<br><br>v.<br><br>SPIRIT AIRLINES, INC.,<br><br>             Defendant. | Civil Action No. 1:22-cv-11130 |

## NOTICE OF REMOVAL

TO:   The Chief Judge and Judges of the United States District Court for the District of Massachusetts

Defendant SPIRIT AIRLINES, INC. ("Spirit Airlines"), by and through its attorneys, Campbell Conroy & O'Neil, P.C. and Condon & Forsyth LLP, hereby removes this action to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, Spirit Airlines states as follows:

1.     This action was commenced against Spirit Airlines in the Superior Court of the Commonwealth of Massachusetts, Suffolk County by the filing of a Complaint on December 10, 2021. A copy of the Complaint is annexed hereto as Exhibit A.

2.     Service of the Complaint was effected on Spirit Airlines on March 7, 2022 by delivering and leaving copies of the Summons, Complaint, Civil Action Cover Sheet, and Civil Tracking Order with Spirit Airlines' authorized agent. A copy of the Summons and accompanying Certificate of Service is annexed hereto as Exhibit B; a copy of the Civil Action Cover sheet is annex hereto as Exhibit C; and a copy of the Civil Tracking Order is annexed hereto as Exhibit D.

3. The Complaint seeks unspecified damages allegedly arising from transportation on a Spirit Airlines flight which arrived at Boston Logan International Airport on January 7, 2019. *See* Exhibit A ¶ 3.

4. Specifically, Plaintiff alleges that while disembarking, she was injured when she slipped and fell on ice as she was navigating the jet bridge. *See id.* ¶ 4.

5. While Plaintiff's Complaint did not specify damages, her Civil Action Cover Sheet "Statement of Damages" identified $53,000 in claimed damages categorized as "[t]otal other expenses." *See* Exhibit C. Plaintiff did not identify any other damages.

6. Following service of the Complaint, the Parties agreed to extend Spirit Airlines' time to respond to the Complaint to allow Plaintiff's counsel to collect relevant medical records and present a formal settlement demand package. A copy of Plaintiff's Request for Extension of Time to Allow Defendant to Answer the Complaint is annexed hereto as Exhibit E.

7. On June 14, 2022, Plaintiff's counsel sent counsel for Spirit Airlines a settlement demand package containing a settlement demand of $475,000 along with approximately 300 pages of medical records, photographs, and other materials. A copy of the email dated June 14, 2022 attaching the settlement demand package is annexed hereto as Exhibit F and a copy of Plaintiff's counsel's settlement demand letter (without enclosures) is annexed hereto as Exhibit G.

8. Upon information and belief, Plaintiff is a citizen of the State of South Carolina. *See* Exhibit A ¶ 1. Spirit Airlines is incorporated in the State of Delaware with its principal place of business in the State of Florida.

9. This Court has original jurisdiction over this civil action based on the existence of diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332. Accordingly, it is one which may be removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, in that it is a civil action

wherein the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between the citizens of two different States.

10. This Notice of Removal is timely filed with this Court in accordance with 28 U.S.C. §§ 1446(b)(3) and 1446(c)(3)(A). Specifically, where an action is not removable at the time the Complaint was filed because the amount in controversy did not exceed $75,000, a Notice of Removal may be filed within thirty (30) days of receipt by the defendant of some "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Such "other paper" includes correspondence from the plaintiff to the defendant concerning damages. *See Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 78 (1st Cir. 2014) ("We hold that correspondence from the plaintiff to the defendant concerning damages can constitute an 'other paper' for purposes of Section 1446(b)(3).").

11. This action was not removable at the time the Complaint was filed because the Complaint sought unspecified damages and the Civil Action Cover Sheet totaled only $53,000 with no indication of additional damages or calculations to be presented. However, on June 14, 2022, Plaintiff's counsel provided a settlement demand stating that Plaintiff's medical expenses exceed $53,000 and seeking settlement of $475,000. *See* Exhibit G at 4-5. Plaintiff's settlement demand was the first time Plaintiff disclosed that the amount in controversy for her underlying claims exceeds $75,000. This Notice of Removal is filed within thirty (30) days of receipt of that correspondence.

12. For these reasons, the underlying action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and it is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1446.

13. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is filed in the United States District Court for the District of Massachusetts, which is the District in which the state court action is pending.

14. Spirit Airlines will promptly file a copy of the Notice of Removal with the Clerk of the Superior Court of the Commonwealth of Massachusetts, Suffolk County, as required by 28 U.S.C. § 1446(d).

15. Spirit Airlines will promptly give written notice of the filing of this Notice of Removal to all adverse parties as required by 28 U.S.C. § 1446(d).

16. In accordance with Local Rule 81.1 of this Court, Spirit Airlines will file certified or attested copies of all records and proceedings from and a certified or attested copy of all docket entries in that court within 28 days after filing this Notice of Removal.

WHEREFORE, Defendant SPIRIT AIRLINES, INC. prays that the above-entitled action now pending in the Superior Court of the Commonwealth of Massachusetts, Suffolk County, be removed therefrom to this Court.

**Dated: July 13, 2022**

**SPIRIT AIRLINES, INC.,**
By its Attorneys,

CAMPBELL CONROY & O'NEIL, P.C.

*/s/ Kathleen M. Guilfoyle*
Kathleen M. Guilfoyle, BBO#546512
Gabriel A. Lombardo, BBO#675885
20 City Square, Suite 300
Boston, MA 02129
P: 617-241-3000
kguilfoyle@campbell-trial-lawyers.com
glombardo@campbell-trial-lawyers.com

- and -

CONDON & FORSYTH LLP
Jonathan E. DeMay*
Constantine J. Petallides*
7 Times Square, 18th Floor
New York, New York 10036
Tel: (212) 490-9100
jdemay@condonlaw.com
cpetallides@condonlaw.com
* *pro hac vice* motion to be filed

## CERTIFICATE OF SERVICE

I, Kathleen M. Guilfoyle, hereby certify that on July 13, 2022, filed electronically and served by mail on anyone unable to accept electronic filing the foregoing document. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

> Paul F. Kenney, Esquire
> Benjamin T. Carroll
> Kenney & Conley, P.C.
> 100 Grandview Road, Suite 218
> Post Office Box 9139
> Braintree, MA 02185-9139

*/s/ Kathleen M. Guilfoyle*
Kathleen M. Guilfoyle
